**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LARRY JONES
Reg # 25387-009                                                                                    PLAINTIFF

v.                                      CASE NO.  5:09-cv-00388-BRW-JJV

DONNY FORD, Sheriff, Dallas County;
PAUL OWEN, Jail Administrator, Dallas
County Detention Center; and RICK WELLS,
Jailer, Dallas County Detention Center                                          DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS**</u>

<u>**INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a new hearing for this purpose before either the District Judge or

Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted)

was not offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

In November 2009, Plaintiff, Larry Jones, was a pretrial detainee in the Dallas County Detention Center. He filed a *pro se* Complaint and Amended Complaint (Doc. Nos. 2, 7) pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. Plaintiff made a timely demand for a jury trial; however, before expending the resources inherent in such a trial, the Court held a pre-jury evidentiary hearing on January 25, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 1133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 1135-36. Viewing the evidence presented at the hearing in this manner, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 251-2 (1986)).

## I.    BACKGROUND

Plaintiff is 44 years old and currently a Bureau of Prisons inmate housed in the Federal

Correctional Institute at Forrest City, Arkansas.   While a pretrial detainee in the Dallas County Detention Center, Plaintiff testified that he became "real sick" on Sunday, November 3, 2009, and asked a jailer to call the nurse.   The nurse checked Plaintiff's blood sugar and blood pressure and, although she found his blood pressure to be very high, he received no medical treatment and was placed in his cell for the night.   The next morning, Plaintiff was trying to turn on the television and, as usual, climbed on the bunk to reach it.   He blacked out and fell head first from the top of the bunk onto a concrete and sustained a wound to his head.[1]

Jail staff called an ambulance and medical personnel transported him to a local hospital where he received stitches for his head wound.   During discharge, Plaintiff was informed that the dressing on his wound required daily changing.

Plaintiff testified that the jail nurse changed his dressing only one time and the remainder of the time his dressing was changed by Defendant Paul Owen.   The stitches in his head wound were subsequently removed by the nurse.

Plaintiff also testified that on the night of November 16, 2009, he and two inmates got into a fight while playing cards.   Jailers announced over the intercom that there was "a disturbance" in "B" pod.   Defendant Rick Wells was dispatched to "B" pod where he found Plaintiff and other inmates "standing around."   Defendant Wells asked "what was going on," but no one responded. Wells then told the inmates, "whatever it was had better stop."   Plaintiff testified that because he is "not a snitch," he did not tell Wells what was going on nor ask him for help.

The following morning, while Plaintiff was cleaning the showers, Plaintiff and the same

---

[1]In a February 2, 2010 Partial Disposition (Doc. No. 5), the Court found that Plaintiff's claims related to his fall did not rise to the level of a Constitutional violation and failed to state a cognizable claim for relief under 42 U.S.C. § 1983.  Plaintiff's claims related to his fall were subsequently dismissed with prejudiced, in a March 1, 2010 Order, for failure to state a claim upon which relief could be granted.  (Doc. No. 8)

inmates got into a second fight.  Defendant Wells again responded.  Plaintiff testified that Defendant Wells stood in the doorway of the shower and shouted for them to come out.  Plaintiff said he was the last to come out.  Plaintiff testified that, upon exiting the shower area, Defendant Wells "put me in the hole, didn't do nothing to them."  Plaintiff spent seven to eight hours in isolation.  Upon his release, Plaintiff was placed in a different pod.

## II.   ANALYSIS OF PLAINTIFF'S CLAIMS

### A.   Grievances

Plaintiff believes that Defendants Ford and Owen violated his constitutional rights by not responding to his grievances.  When questioned why he was suing Sheriff Ford, Plaintiff replied it was because Sheriff Ford did not respond to his grievances. Plaintiff also alleges that Defendant Owen violated his constitutional rights when he failed to give his grievances to Sheriff Ford.

Defendant Paul Owen is the jail administrator at the Dallas County Detention Center.  His duties include the review of inmate grievances.  At the hearing, he testified that when an inmate is unsatisfied with his decision, Owen will send the grievance to Sheriff Ford.  Owen explained that Plaintiff requested and received his grievances back after Owen's decision, so they were not forwarded to Sheriff Ford.

After considering Plaintiff's grievances claim, the Court finds that Plaintiff fails to state a claim upon which relief may be granted.  "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." *Buckley v. Barrow*, 997 F.2d 494, 495 (8th Cir. 1993) (quoting *Axzeez v. DeRobertis*, 568 F.Supp. 8 (N.D. Ill. 1982)).  Consequently, a defendant's failure to process or answer an inmate's grievances is not actionable under § 1983.  *See id*.  Plaintiff's present claim is not actionable under § 1983 and,

should, therefore, be DISMISSED for failure to state a claim upon which relief may be granted.

**B.      *Respondeat Superior* Liability**

Plaintiff seeks to hold Sheriff Ford liable under a theory of *respondeat superior* liability. Under § 1983, an official is liable for his own conduct and cannot be held liable for the misconduct of his subordinates under a theory of respondeat superior liability. *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010); *Whitson v. Stone Cnty Jail*, 602 F.3d 920, 928 (8th Cir. 2010); *Vaughn v. Greene Cnty, AR*, 438 F.3d 845, 851 (8th Cir. 2006).   A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *see Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").   The evidence before the Court reveals that Sheriff Ford was not personally involved in the alleged violation of Plaintiff's rights and he, therefore, cannot be sued under a theory of *respondeat superior* liability. Plaintiff's claims against Sheriff Ford are not actionable under § 1983, and accordingly, should be DISMISSED with prejudice.

**C.      Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that Defendant Paul Owen was deliberately indifferent to his medical needs. To prove this claim, Plaintiff must present evidence showing that Owen committed "acts or omissions sufficiently harmful to evidence deliberate indifference to medical needs." *Nelson v. Shuffman*, 603 F.3d 439, 448 (8th Cir. 2010) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A *prima facie* case of deliberate indifference requires proof establishing that the inmate had an objectively serious medical need and prison officials actually knew of the need but deliberately disregarded it.    *Id.*; *Langford v. Norris*, 614 F.3d at 460.   Plaintiff "must show more than

negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Alberson v. Norris*, 459 F.3d 762, 765 (8th Cir. 2006).

Plaintiff brings this action against Defendant Owen because he believes Owen was not medically qualified to change his bandage due to his lack of proper medical training. Thus, Plaintiff believes Owen was indifferent to his medical needs.

Plaintiff's claim on this point is frivolous and the Court finds that Plaintiff's medicals needs were not sufficiently serious and do not give rise to a claim subject to Eighth Amendment scrutiny. Plaintiff's claim of deliberate indifference to serious medical needs should, accordingly, be DISMISSED.

### D.    Failure to Protect

Plaintiff alleges that Defendant Rick Wells failed to protect him from the second attack by fellow inmates. To prevail on this failure to protect claim, Plaintiff must show he was incarcerated under conditions presenting a substantial risk of serious harm, and that Wells actually knew of and disregarded the risk to Plaintiff's health and safety. *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Oetken v. Ault*, 137 F.3d 613, 614 (8th Cir. 1998). Plaintiff must establish that Wells not only knew of facts from which the inference of a substantial risk of serious harm could be drawn, but also that he drew the inference. *Oetken*, 137 F.3d at 614.

The Court finds that Plaintiff fails to bring sufficient facts to support a failure to protect claim. When Wells responded to the first fight, he testified that he received no response to his inquiry as to what had happened and had no idea who was involved in the fight. Furthermore, Plaintiff admits that he did not seek help from Wells or anyone else. Plaintiff also admits that he sustained no injuries in either fight.

6

Plaintiff fails to present proof establishing that Wells actually knew of but disregarded a substantial risk to Plaintiff's health and safety.  Hence, Plaintiff's failure to protect claim should be DISMISSED  with prejudice.

### E.    Punitive Isolation

Lastly, Plaintiff asserts that he was subjected to cruel and unusual punishment when placed in punitive isolation following the second fight.  It is unclear against whom Plaintiff is asserting this claim. Regardless, Plaintiff's claim must fail as a matter of law.

Confinement is a prison or in an isolation cell is a form of punishment subject to scrutiny under the Eighth Amendment standards.  *Hutto v. Finney*, 437 U.S. 678, 685 (1978).  In order to establish an Eighth Amendment violation, an inmate must present proof that: (1) the deprivation alleged, when viewed objectively, is sufficiently serious and (2) prison officials were deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citations omitted).

Following the second fight, Wells placed Plaintiff in an isolation cell in the jail's intake area. Plaintiff spent seven to eight hours in the cell.  During the hearing, Owen testified that the isolation cells are used to separate inmates and also as a means of protection until the jailers can figure out what transpired.

The Court understands that the time Plaintiff spent in the isolation cell was uncomfortable. However, Plaintiff fails to present any evidence suggesting that Plaintiff was denied the "minimal civilized measures of life necessities."  The Court is not persuaded by Plaintiff's argument that

having stitches is in his head makes placement in the isolation cell cruel and unusual punishment.

Plaintiff also fails to present any evidence suggesting that the jailers were deliberately indifferent

to his health or safety.  To the contrary, he was placed in isolation for his protection.  As for the

amount of time Plaintiff spent in the isolation cell, this too fails as an Eighth Amendment violation.

*See Earl v. Norman*, 884 F.2d 362, 363 (8th Cir. 1989) (finding that six days in punitive isolation

did not violate Eighth Amendment standards).  The Court finds that Plaintiff fails to establish an

Eighth Amendment violation and for theses reasons Plaintiff's claim should be DISMISSED.

**IV.    CONCLUSION**

Giving Plaintiff full credit for his testimony, his claims fail as a matter of law.

IT IS THEREFORE RECOMMENDED THAT:

1.    Plaintiff's claims should be DISMISSED with prejudice.

DATED this <u>11th</u> day of February, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE